UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARY JAMES PLUMLEE,<br><br>　　　　　　　Petitioner,<br>　　v.<br>I. BACA, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:13-cv-00129-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

Following initial review, it appears that the petition is a successive petition. Petitioner therefore will be directed to show cause in writing why the petition should not be transferred and referred to the Court of Appeals as a successive petition.

**I.　BACKGROUND**

Petitioner Lary James Plumlee challenges his October 3, 1992, Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and robbery with the use of a deadly weapon. He was convicted of these offenses in connection with his April 11, 1991, armed robbery and murder of Wilbur Richard Beard.

Petitioner previously challenged the same judgment of conviction in this Court in Case No. 3:00-cv-00244-ECR-VPC. The Court denied the petition on the merits on August 15, 2003. The Court of Appeals, sitting *en banc*, affirmed, in a published

opinion. *See Plumlee v. Masto*, 512 F.3d 1204 (9th Cir.)(*en banc*), *cert. denied*, 553 U.S. 1085 (2008).

The online docket records of the Ninth Circuit do not reflect that petitioner has sought and obtained permission from that court to file a second or successive petition.

## II. DISCUSSION

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in this Court. The present petition constitutes a second or successive petition because the prior petition was dismissed on the merits. *E.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). Accordingly, petitioner must show cause why the present petition should not be transferred and referred to the Court of Appeals because he did not first obtain permission from the Court of Appeals for this Court to consider the petition.

The Court does not find that the interests of justice require the appointment of counsel during the pendency of the show-cause inquiry.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the Clerk of Court shall file the petition and accompanying motion for appointment of counsel.

IT IS FURTHER ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be transferred and referred to the Court of Appeals as a successive petition. If petitioner does not timely respond to this order, the petition will be transferred to the Court of Appeals as a successive petition.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and

place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be transferred as a successive petition. Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that this order does not signify by omission that either the petition or the claims therein otherwise are free of deficiencies, as the Court defers consideration of any other deficiencies in the papers presented until after assessing the issue raised herein in the first instance.

DATED THIS 10th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE